UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHARLES MICHAEL ROSS, | ) |
| *Plaintiff*, | ) |
| | ) Case No. 1:24-cv-196 |
| v. | ) |
| | ) Judge Atchley |
| STATE OF TENNESSEE, *et al.*, | ) Magistrate Judge Steger |
| *Defendants*. | ) |

## MEMORANDUM OPINION AND ORDER

On July 24, 2024, United States Magistrate Judge Christopher H. Steger filed a Report and Recommendation [Doc. 15] (the "R&R") pursuant to 28 U.S.C. § 636 and the rules of this Court. Magistrate Judge Steger screened the Complaint [Doc. 2] pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915, and recommends that this action be dismissed for failure to state a claim and for lack of subject matter jurisdiction.

Plaintiff was advised that he had 14 days to object to the Report and Recommendation and that failure to do so would forfeit any right to appeal. [Doc. 15 at 4 n.1]; *see* Fed. R. Civ. P. 72(b)(2). Plaintiff timely filed an Objection [Doc. 16].

For reasons that follow, the Objection [Doc. 16] will be **OVERRULED**, the Report & Recommendation [Doc. 15] will be **ACCEPTED** and **ADOPTED**, and this action will be **DISMISSED** for failure to state a claim and for lack of subject matter jurisdiction.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is the third of ten lawsuits Plaintiff Charles Michael Ross filed between June 10 and August 18, 2024. Like the first two cases, Case Nos. 1:24-cv-190 and 1:24-cv-191, this action relates to Plaintiff's attempts to challenge state court judgment(s). Plaintiff's Statement of Claim

[Doc. 2 at 6-7] sets out a chronology of events in several Hamilton County state court actions involving Plaintiff.

Mr. Ross alleges that he appeared before Judge Sell in the Hamilton County General Sessions Court on Case No. 23GS8693 for a trial for the collection of a debt by Portfolio Recovery Associates. [Doc. 2 at 6]. Judge Sell apparently ruled in favor of Portfolio Recovery Associates. Mr. Ross appealed and filed an affidavit of indigency; his appeal was docketed as Circuit Court Case No. 24C646.

Ross then filed a separate lawsuit against Portfolio Recovery Associates, Case No. 24GS5356 in Hamilton County General Sessions Court. Judge Sell recused herself from that action after Mr. Ross named her as a defendant in another lawsuit. Ross's affidavit of indigency was denied and he was told he needed to pay a $209 filing fee to proceed. His affidavit of indigency was also denied in the Circuit Court appeal, Case No. 24C646.

Ross next details an exchange regarding summonses at the Hamilton County Chancery Court Clerk's Office, which seems to relate to a different action he filed against Judge Sell and Judge McVeagh. He then relates that he called the Clerk's Office for the Circuit Court and General Sessions Court to ask about the "status" of his cases and also checked their status online.

He concludes: "As of June 17, 2024 I have not been notified of any action taken by the Hamilton County General Sessions or Chancery Court to freeze the judgment or halt the attempted seizure of my property . . . regarding case number 23GS9587 in General Sessions Court after I filed my Writ of Certiorari in the Chancery Court on June 3, 2024 pursuant to the Tennessee Constitution." [*Id.* at 7].

The Complaint does not explain how this series of events amounts to a cause of action. He does not specify which of the alleged circumstances violated his federal rights. Instead, he asserts

generally that "there is a conspiracy to hinder me from exercising my rights under the law." [*Id.*]. He claims he is "not being given fair and impartial judgment" or due process of law and seeks $100,000 for the denial of his rights. [*Id.* at 4]. In his case caption, he identifies the Defendants as the State of Tennessee; General Sessions, Circuit, and Chancery Courts; and Judge Christie Sell. [Doc. 2 at 1]. Elsewhere, he identifies the "State of Tennessee, Jonathan Skrmetti," Judge Christie Sell, and the Hamilton County Courthouse as the Defendants. [*Id.* at 2]. He brings claims under 42 U.S.C. § 1983 for violations of the Fifth and Fourteenth Amendments and Article IV, section 2, of the United States Constitution. [Doc. 2 at 3].

## II. STANDARD OF REVIEW

It is well-established that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In the absence of an objection, the district court is not obligated to conduct a *de novo* review of a report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover, "the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.*

## III. ANALYSIS

Under 28 U.S.C. § 1915(e)(2), the Court must screen actions filed by plaintiffs proceeding *in forma pauperis*. If at any time the Court determines such an action is frivolous or malicious,

3

fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief, the Court must dismiss the action. 28 U.S.C. § 1915(e)(2). After screening the Complaint, Judge Steger recommends this action be dismissed for lack of subject matter jurisdiction and for failure to state a claim. [Doc. 15].

Judge Steger understood Plaintiff as asserting that Defendants violated his rights by not setting aside the judgment entered against him in Hamilton County General Sessions Court and by denying his applications for indigency status. [Doc. 15 at 3]. This is a more than fair interpretation of the Complaint, which never actually says how Plaintiff's rights were violated or by whom. Judge Steger reasoned that because Plaintiff is asking the Court to review the final judgment entered against him in the Hamilton County General Sessions Court, as well as the denial of his application(s) for indigent status, the action is barred by the *Rooker-Feldman* doctrine.

As the Report & Recommendation explains, the *Rooker-Feldman* doctrine "bars lower federal courts from conducting appellate review of final state-court judgments because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Berry v. Schmitt*, 688 F. 3d 290, 298 (6th Cir. 2012) (citation omitted). The doctrine also bars lower federal courts from conducting appellate review of interlocutory orders entered by state courts. *Pieper v. American Arbitration Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) ("[W]e find it difficult to believe that lower federal courts are prohibited from reviewing final state-court judgments, but yet are somehow permitted to review interlocutory decisions."). Plaintiff's claims are premised on a rejection of the state court's orders and judgments and are barred by *Rooker-Feldman*.

Mr. Ross seeks to avoid this conclusion by arguing that he is not asking this court to review any state court judgment for the purpose of overturning that ruling. Rather, he explains that he is seeking monetary relief for the deprivation of his rights occasioned by the rulings against him. He

4

also claims the Clerk of Court failed to immediate notify him that his indigency affidavit was denied. He states his Tennessee Constitutional rights were denied by the Chancery Court because the court did not take action to prevent his property from being seized. Finally, he mentions, for the first time, a hearing before Chancellor Fleenor on a motion to dismiss a lawsuit that he "was instructed to file by the Chancery Court Clerks against Judge Sell and McVeagh." [*Id.* at 2]. He apparently takes issue with Chancellor Fleenor's determination that she lacked subject matter jurisdiction over the case. [*Id.*].

Plaintiff's objection to the R&R makes crystal clear that he seeks review and rejection of various state court judgments and interlocutory orders. *Rooker-Feldman* applies in (1) cases brought by state-court losers (2) complaining of injuries caused by state-court judgments, (3) rendered before the district court proceedings commenced, and (4) inviting district court review and rejection of those judgments. *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 387-88 (6th Cir. 2021). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." *Pieper v. American Arbitration Ass'n, Inc.*, 336 F.3d 458, 462 (6th Cir. 2003) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)).

Plaintiff's claims fall comfortably within the *Rooker-Feldman* doctrine. *Rooker-Feldman* bars relitigation of claims already raised in state court proceedings as well as those that are "inextricably intertwined" with previously-asserted claims. *Pieper*, 336 F.3d at 460. "[T]his means that when granting relief on the federal claim would imply that the state-court judgment on the other issues was incorrect, federal courts do not have jurisdiction." *Id.* Finding that the state court's orders and judgments violate the Fifth or Fourteenth Amendment requires "rejection" of those orders and judgments. Accordingly, the Court lacks jurisdiction over Plaintiff's claims.

5

Plaintiff's claims are subject to dismissal for a variety of additional reasons. First, his Objection is insufficient to trigger *de novo* review. "[T]he district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (citation omitted). Plaintiff's objection is little more than a restatement of his allegations and does not explain why Magistrate Judge Steger's analysis is legally incorrect. It also raises new allegations, *e.g.*, his contentions about Chancellor Fleenor's subject matter jurisdiction determination in a writ of certiorari action. The Court declines to consider these new factual allegations raised in Plaintiff's Objection. *See Harper v. Houston*, 2018 WL 354609, at *5 n.2 (W.D. Tenn. Jan. 10, 2018 ("[T]he Court need not consider the new facts asserted in Plaintiff's objections to the report and recommendation," and "[i]t would be improper for the Court to consider the new facts because they are matters outside of the pleadings."). Because of Plaintiff's pro se status, the Court nonetheless reviewed the record, the R&R, and Plaintiff's objection thoroughly, and independently concludes that his claims are barred by *Rooker-Feldman* and that the Complaint fails to state a claim.

Second, Plaintiff's claims against the State of Tennessee are subject to dismissal because the State is not a "state actor" for § 1983 purposes and is immune from suit. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (a State "is not a person within the meaning of § 1983").[1] The State of Tennessee also enjoys immunity from suit because, with exceptions not relevant here, the Eleventh Amendment bars claims brought by a citizen against his own state. *Hans v. Louisiana*, 134 U.S. 1 (1890); *Johnson v. Tennessee*, 2012 WL 2064453, *3 (E.D. Tenn.

---

[1] Plaintiff has to rely on § 1983 to bring any equal protection or due process claim. This is so because "the Fourteenth Amendment does not create a private right of action; instead, § 1983 provides a cause of action for all citizens injured by an abridgement of the protections set forth in the Equal Protection and Due Process Clauses of the Fourteenth Amendment." *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 683 (6th Cir. 2018) (internal punctuation and citation omitted).

June 6, 2012) ("Tennessee's state sovereign immunity under the Eleventh Amendment bars Plaintiff's claims for damages.").

Judge Sell is likewise immune from suit. Judicial immunity "is absolute: all of a judge's actions taken in an official judicial capacity are immune from suit." *Morgan v. Bd. of Prof. Responsibility*, 63 F.4th 510, 518 (6th Cir. 2023). Plaintiff's allegations regarding Judge Sell all relate to judicial capacity conduct.

Nor can Plaintiff prevail on a claim against Attorney General Skrmetti in an individual capacity, as he makes no allegations whatsoever regarding the Attorney General's involvement in this case. *See Kottymyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006).

Similarly, the Complaint fails to state a claim against any Hamilton County entity. Unlike the State of Tennessee, municipalities are "persons" subject to suit under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 700-1 (1978). But "a municipality cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a **policy or custom of the municipality** and the alleged constitutional violation." *Knight v. Montgomery Cnty., Tenn.*, 2015 WL 2185973, *4 (M.D. Tenn. May 8, 2015) (citing *Monell*, 436 U.S. at 694) (emphasis added). Plaintiff does not allege that he was harmed by any official policy or custom of Hamilton County, Tennessee. He does not allege ratification of illegal actions by a decision-maker, a policy of inadequate training or supervision, or a custom of tolerance of federal rights violations. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Finally, Plaintiff complains that Magistrate Judge Steger is not a party to this case and no motion to dismiss has been filed. His contentions are meritless. Judge Steger is the United States Magistrate Judge assigned to this case. As he explained in his Report & Recommendation, the

Court is responsible for screening complaints filed by plaintiffs proceeding *in forma pauperis*, as provided in 28 U.S.C. § 1915(e)(2).

That Plaintiff has since sued Judge Steger in another action does not require his recusal here, nor that of the undersigned. *See, e.g., United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993 (baseless personal attacks or suits against a judge by a party are not bases for recusal); *United States v. Martin-Trigona*, 759 F.2d 1017, 1020-21 (2d Cir. 1985) (party cannot force recusal merely by filing a complaint or lawsuit against a judge). Plaintiff makes no allegations of bias or prejudice and in any event, "conclusory allegations of bias or prejudice are insufficient to support recusal." *In re Jones*, 2021 WL 1811625, * 1 (6th Cir. Feb. 2, 2021); *see United States v. Elsea*, 2022 WL 2751750, *1 (E.D. Tenn. July 13, 2022) ("[T]his Court's sole source of knowledge of this case and its facts arose from the natural progression of the case itself, which precludes a finding of bias or prejudice.").

## IV.     REFERRAL OF LITIGANT

In seventy days, Plaintiff filed ten lawsuits in this Court, many relating to the same or similar subject matter. In the instant action, the Court lacks subject matter jurisdiction and the Complaint fails to state a claim. As to the State of Tennessee and the state court judges named in the pleadings, Plaintiff's claims are also against Defendants who are immune from suit. Previously, the Court dismissed the Complaint in *Ross v. State of Tennessee, et al.*, Case No. 1:24-cv-190, for lack of subject matter jurisdiction. *Ross v. Garland, et al.*, 1:24-cv-207, was dismissed as frivolous, for failure to state a claim, and because it asserted claims against Defendants who are immune from a suit for damages. *Ross v. Portfolio Recovery Associates, LLC, et al.*, 1:24-cv-208, was dismissed as frivolous and for failure to state a claim. All three of these lawsuits and the instant action relate in some way to Plaintiff's state court litigation. Plaintiff's filings also demonstrate a

pattern of promptly filing suit against any judge who rules against him or does not issue rulings as quickly as Plaintiff would like.

Given the nature and volume of Plaintiff's filings, the Court will refer Plaintiff to Chief Judge Travis R. McDonough for consideration of whether injunctive measures are appropriate pursuant to Standing Order 18-04.

### V. CONCLUSION

Plaintiff's Objection [Doc. 16] is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the findings of fact and conclusions of law set forth in the Report and Recommendation [Doc. 15], and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction, for failure to state a claim, and because it asserts claims against Defendants who are immune.

Pursuant to Standing Order 18-04, Charles Michael Ross is **REFERRED** to Chief Judge Travis R. McDonough for review and determination of whether an injunction is appropriate.

A separate judgment shall enter.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE